IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00004-WYD-KLM

JAVIER STONE,

    Plaintiff(s),

v.

CITY OF WHEAT RIDGE COLORADO,
WHEAT RIDGE POLICE OFFICERS PAUGH,
HESTER, and
JOSEFIK, and
DUANE FRIEDLAN,
JAMI BOYAT, and
LARRY MOORHOUSE,

    Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Leave to Propound Third Set of Requests for Production of Documents to Wheat Ridge Defendants and to Modify the Scheduling Order** [Docket No. 136; filed November 30, 2007] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 150; filed December 10, 2007], Plaintiff's Reply [Docket No. 152; filed December 26, 2007], the case file, and applicable case law, and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

1

Plaintiff moves this Court to amend the Scheduling Order [Docket No. 55] to allow Plaintiff to serve a third Request for Production of Documents on the Wheat Ridge Defendants regarding "all documents created or generated in response to all citizen calls and/or police responses to the facility located at 4515-4595 Harlan Street for the five (5) years prior to the opening of the Eldorado." *Motion for Leave*, p. 2. Defendants assert that the deadline for written discovery, set for November 23, 2007, has expired. *Response*, p. 2. Defendants further assert that: (1) Plaintiff had actual or constructive knowledge of citations against other owners prior to the November 28, 2007 settlement conference; (2) Plaintiff's request is barred by Fed. R. Evid. 408; (3) Plaintiff has not demonstrated good cause to amend the Scheduling Order; and (4) the Defendants will be prejudiced by the additional time and expense required to respond to the third Request for Production of Documents. *Response*, pgs. 3-6.

Numerous courts have noted, and I agree, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g., Washington v. Arapahoe County Dept. Of Social Services*, 197 F.R.D. 439, 441 (D.Colo. 2000) (citations omitted). Pursuant to Fed.R.Civ.P. 16(b), a deadline set in a scheduling order may be modified only upon a showing of good cause. Good cause has been interpreted to mean that "scheduling deadlines cannot be met despite a party's diligent efforts, . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Jorgenson v. Montgomery*, 2007 WL 3119549, *3 (D.Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986

2

F.Supp 959, 980 (D.S.C. 1997)).

In attempting to show good cause to amend the Scheduling Order, Plaintiff argues that it was only during the settlement conference, held on November 28, 2007, when Plaintiff learned that police complaints may have been registered against prior owners of Plaintiff's property. *Reply*, p. 3. As the deadline for written discovery was set for November 23, 2007, five days prior to the settlement conference, and Plaintiff filed his instant motion on November 30, 2007, two days after the settlement conference, Plaintiff contends that he filed his motion in good faith and as soon as he was able. *Id.*

However, Defendants argue that Plaintiff had actual knowledge of citations against prior owners of the property as of the date of Plaintiff's deposition, on October 24, 2007. *Response*, p. 3, Ex. A. Plaintiff asserts that the deposition testimony cited to by Defendants only illustrates that Plaintiff had knowledge of informal complaints made by neighbors, not that he knew that police had issued formal citations. *Id.* The Court has reviewed the portions of Plaintiff's deposition submitted by Defendant as Exhibit A to its Response. Plaintiff's deposition shows that Plaintiff was aware that informal complaints were made by neighbors, but it does not prove that Plaintiff had any knowledge that formal complaints had been made to the police, or that citations were issued. *Response*, Ex. A, pgs. 2-3.

Defendants also argue that Federal Rule of Evidence 408 "bars Plaintiff from using information learned at the settlement conference in this case to seek to serve additional discovery." *Response*, p. 4. However, Plaintiff is correct that Fed. R. Evid. 408 only

3

governs admissibility of evidence at trial, not whether information gathered during a settlement conference is discoverable. As such, Defendants are incorrect that Fed. R. Evid. 408 bars Plaintiff from discovering this information.

Finally, Defendants argue that being forced to produce police records from December 1998 to December 2003 would unfairly burden them. *Response*, p. 6. Defendants state that obtaining police records prior to 1999 will be especially burdensome, as the Police Department did not change its record keeping system until 1999 (presumably from a paper-based system to an electronic one). *Id*. Further, Defendants assert that Plaintiff's request is overly broad and will require a time-consuming and expensive search in order for Defendants to respond. *Id*. Defendants provide no specific information about the alleged time such a search will require or its estimated expense. Plaintiff has replied that he is willing to narrow the discovery request to "just those documents from 1999 to the present," in order to alleviate at least a portion of the time and effort required by Defendant. *Reply*, p. 4.

I find that Plaintiff has demonstrated good cause to amend the Scheduling Order to allow Plaintiff to serve a third Request for Production of Documents on the Wheat Ridge Defendants. I find no evidence that Plaintiff had knowledge of formal citations issued by the Police until after the expiration of the written discovery deadline. I further find that Plaintiff did not delay in filing the instant motion. Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Leave to Propound Third Set of Requests for Production of Documents to Wheat Ridge Defendants and to Modify the Scheduling Order**

4

[Docket No. 136; filed November 30, 2007] is **GRANTED**. As Plaintiff has agreed to limit the request to 1999 to December 2003, and as Defendants have failed to adequately support their claim of undue burden and expense, the Court accepts Plaintiff's proposal. Plaintiff may serve a third Request for Production of Documents on the Wheat Ridge Defendants regarding all documents created or generated in response to all citizen calls and/or police responses to the facility located at 4515-4595 Harlan Street for the time period of 1999 to 2003.

                                                    BY THE COURT:
                                                    __s/ Kristen L. Mix_____
                                                    United States Magistrate Judge

Dated: January 4, 2008