IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00004-WYD-KLM

JAVIER STONE,

    Plaintiff(s),

v.

CITY OF WHEAT RIDGE COLORADO, and
WHEAT RIDGE POLICE OFFICERS JOSEFIK,
    Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Leave to Supplement His Witness List to the Final Pretrial Order** [Docket No. 205; Filed August 5, 2008] (the "Motion"). Defendants have not filed a Response. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

Plaintiff requests leave to amend his witness list to the Final Pretrial Order to add Joel Pena Hernandez. As grounds, Plaintiff states that his initial Fed. R. Civ. P. 26(a)(1) disclosures listed Mr. Hernandez as a potential witness. *Motion* [#205] at 1. However, due to the fact that Mr. Hernandez was apparently out of the country and Plaintiff was unable to locate him, Plaintiff did not list Mr. Hernandez on his witness list in the Final Pretrial Order, entered on July 22, 2008 [Docket No. 203]. *Id.* Plaintiff states that he located Mr.

1

Hernandez on approximately July 29, 2008, and as Mr. Hernandez's potential testimony may be "crucial" to Plaintiff's case, he requests that the Final Pretrial Order be amended to include Mr. Hernandez. *Id.* Plaintiff proposes that the discovery be re-opened for the limited purpose of allowing the deposition of Mr. Hernandez, and states that because no trial date has been set in this case adequate time exists to complete the deposition without prejudice to any party. *Id.*

The Final Pretrial Order serves the purpose of "insur[ing] the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). As such, the Federal Rules of Civil Procedure permit the amendment of a Final Pretrial Order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The party seeking to amend the Final Pretrial Order bears the burden of establishing that manifest injustice will occur without the amendment. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The decision to allow such an amendment rests within the sound discretion of the trial court. *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising that discretion, the Tenth Circuit has directed that courts be guided by the following factors: (1) prejudice to the party opposing the modification of the pretrial order; (2) the ability of the party opposing modification to cure the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith by the party seeking to modify the pretrial order. *Koch*, 203 F.3d at 1222.

Considering the first two *Koch* factors, which address the potential prejudice to

Defendants, the Court finds that any such potential prejudice caused by surprise to Defendants can be cured by allowing Defendants to take the deposition of Mr. Hernandez. *Id.* Regarding the third factor, the Court finds that the orderly and efficient trial of the case will not be disrupted, as the trial date has yet to be set. *Id.* Finally, the Court finds no evidence of bad faith on the part of Plaintiff, as Plaintiff has alleged that Mr. Hernandez was previously unavailable and that Plaintiff immediately sought to add him to the Final Pretrial Order upon learning that Mr. Hernandez had become available. Therefore, considering all the *Koch* factors and that Plaintiff has alleged that Mr. Hernandez is "crucial" to his case, the Court finds that Plaintiff has shown that manifest injustice would occur were amendment of the Final Pretrial Order not allowed to add Mr. Hernandez as a witness.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Leave to Supplement His Witness List to the Final Pretrial Order** [Docket No. 205; Filed August 5, 2008] is **GRANTED**. The Final Pretrial Order [Docket No. 203; Filed July 22, 2008] is amended to include Joel Pena Hernandez as Plaintiff's witness.

IT IS FURTHER **ORDERED** that discovery is re-opened for the limited purpose of allowing the deposition of Joel Pena Hernandez, which shall occur on or before **October 17, 2008**.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: August 29, 2008